**Electronically Filed
Intermediate Court of Appeals
30728
29-APR-2011
08:13 AM**

NO. 30728

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF MA and
IN THE INTEREST OF HW

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-S NOS. 05-1-0067 AND 05-1-0068)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Appellant Mother ("Mother") appeals from the "Findings of Fact and Conclusions of Law" and the order therein ("Order"), filed on July 12, 2010, and the "Order Denying Motion for Reconsideration Filed July 22, 2010," filed on August 25, 2010, in FC-S Nos. 05-1-0067 and 05-1-0068, in the Family Court of the Second Circuit ("Family Court").[1] The Order awarded permanent custody of the children[2] to the Hawai'i Department of Human Services ("DHS").

On appeal, Mother contends that (1) the Family Court erred by finding that Mother was not currently able and willing to provide the children with a safe family home with the assistance of a service plan, that she would not be able to do so in the reasonably foreseeable future, and that the proposed permanent plan, as amended, was in the best interest of the children, (2) Findings of Fact ("FOF") Nos. 21, 23, 24, 25, 31, 39, 44, 45, 46, 47, 49, 50, 52, 53, 55, 56, 57, 59, 60, and 68

_____

[1] The Honorable Geronimo Valdiz, Jr. presided.

[2] The children, MA and HW, are Mother's male and female minor children. The children's fathers were defaulted from the case on October 18, 2005 and March 20, 2007, respectively.

are clearly erroneous and Conclusions of Law ("COL") Nos. 8, 9, and 11 are wrong, and (3) the "Family Court's award of permanent custody seems to have been more influenced by the age of the case than by satisfaction of the 'clear and convincing' standard of H.R.S. § 587-73(a)."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mother's points of error as follows:

(1) It was not clearly erroneous for the Family Court to find that Mother was not willing and able to provide a safe family home, even with the assistance of a service plan, would not be able to do so in the reasonably foreseeable future, and that the proposed permanent plan, as amended, was in the best interest of the children. (FOF 59, 60)

MA and HW were initially placed into foster care in March 2005. Foster care was later revoked, and family supervision over MA and HW was granted, with Mother required to follow the requirements of a service plan, including the requirement that Mother "maintain a clean and sober lifestyle." After three months, Mother was evicted from a shelter for her inability to follow shelter rules. Family supervision was revoked, but Mother's service plan was continued. Mother thereafter missed drug testing (which are considered positive drug test results), tested positive for marijuana use, refused to take prescribed medication for post-traumatic stress disorder, failed to provide MA with his prescribed medication for attention deficit hyperactivity disorder, refused to submit to urinalysis while conceding that she would test positive, and missed parenting classes.

Mother's service plans each required that Mother refrain from using illegal drugs. Even after the children were returned to Mother at DHS's request on July 29, 2008, the children were again placed into foster care on August 14, 2008 because Mother was arrested for contempt of court. On August 18, 2008, Mother was released from jail, but immediately tested positive for marijuana. On May 1, 2009, Mother admitted that she

had, until recently, continued to use marijuana on a regular basis and that she did not comply with court orders that required that she participate in random urinalysis. As of May 1, however, she claimed not to be using marijuana any longer, and was taking prescribed medication for her sleep problems. On June 23, 2009, however, Mother acknowledged that her urinalysis tests were "not clean", and that she was continuing to use marijuana.

In sum, Mother failed to comply with the terms of her service plans. In addition, Mother was informed that her continued use of marijuana would prevent her from reunification with her children, yet she persisted in using the drug, justifying it on the basis that she only used it at night and never in the presence of her children.

Although there was conflicting evidence, and although Mother appeared to demonstrate an increasing level of understanding that she needed to follow the terms of her service plans over time, there was substantial evidence in support of the Family Court's finding, and the finding is not clearly erroneous.

(2) In her second point of error, Mother challenges FOF nos. 21, 23, 24, 25, 31, 39, 44, 45, 46, 47, 49, 50, 52, 53, 55, 56, 57, 59, 60, and 68 and COL nos. 8, 9, and 11. Mother is correct that she presented evidence regarding reasons why the cases should not be set for a permanent plan hearing (FOF 21), and that several other FOF's make no apparent findings at all (FOF 23-25). To the extent that these may be erroneous, however, they are foundational and harmless. While Mother takes issue with other FOFs and COLs, those objections reflect (i) disagreement with the words or terms used by the Family Court in characterizing the evidence relied upon or in crafting its findings/conclusions, and not their substance (e.g., FOF 31, 50, 57), (ii) a mischaracterization of findings that Mother had not rebutted specific evidence as "shift[ing] the burden of proof" (e.g., FOF 31, 68), (iii) her contention that, while perhaps true at one point, they are no longer true (e.g., FOF 44-47, 52, 56), or (iv) are rooted in a conflicting evaluation of the balance of the evidence (e.g., FOF 39, 49, 53, 55).

The challenged FOFs are not clearly erroneous. In addition, the challenged COLs (COL 8, 9, 11), relate closely to FOF 59 and 60, and, under the circumstances, are correctly decided.

(3) In her third point of error, Mother contends that the "Family Court's award of permanent custody seems to have been more influenced by the age of the case than by satisfaction of the 'clear and convincing' standard of H.R.S. § 587-73(a)." Whether the Family Court, in fact, was more influenced by one factor or another cannot be established from the record. It is, in any event, irrelevant, as it does not, on its own, constitute error. Mother has not presented any argument or cases that support her proposition. Consequently, this point of error is without merit.

Therefore,

IT IS HEREBY ORDERED that the Findings of Fact and Conclusions of Law, and the order therein, filed on July 12, 2010, and the "Order Denying Motion for Reconsideration Filed July 22, 2010," filed on August 25, 2010, in FC-S Nos. 05-1-0067 and 05-1-0068, in the Family Court of the Second Circuit are affirmed.

DATED: Honolulu, Hawai'i, April 29, 2011.

On the briefs:

Davelynn M. Tengan,
for Mother-Appellant.

Jay K. Goss and
Mary Anne Magnier,
Deputy Attorneys General,
for Department of Human
Services-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4